NEW ENGLAND FURNITURE & CARPET CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11128. Promulgated November 25, 1927.

*A. S. French, C. P. A.,* for the petitioner.
*J. B. Harlacher, Esq.,* for the respondent

336

OPINION.

SMITH: The Board has no jurisdiction to determine the tax liabilities for the fiscal years ended January 31, 1922, and January 31, 1923, the Commissioner not having determined any deficiencies for those years. Section 274(g), Revenue Act of 1926.

The petitioner's excess-profits-tax liability for the fiscal years ended January 31, 1920, and January 31, 1921, is to be determined upon the installment sales basis as set forth in section 212(d) and section 1208 of the Revenue Act of 1926. The petitioner claims the right to include in invested capital the profits included in the installment accounts receivable outstanding at the beginning of each taxable year. The identical question was before the Board in *Appeal of Blum's, Inc.*, 7 B. T. A. 737, in which the Board stated:

In computing invested capital in the deficiency notice, the Commissioner included, as a part of the earned surplus, the entire profits of installment sales effected in 1917. In the amended answer, the Commission eliminated from invested capital of 1918, 1919, and 1920, the profits included in the outstanding 1917 installment accounts receivable, at the beginning of each of those years, as unrealized and not properly includable in earned surplus. The petitioner opposes this action of the Commissioner on the ground that the entire profits on installment sales of 1917 were returned and taxed as income of that year. We think that the action of the Commissioner, as set forth in the amended

answer, is correct. For the years in question, the installment sales method has been used in computing income. By the use of that method all of the profits actually reduced to possession in those years, are to be returned as income of those years. The fact that some of these profits have been returned in prior years is to be ignored, and they are, for the purposes of the tax, to be treated as a part of the earnings of the years in which they are reduced to possession. Obviously, the petitioner may not include in invested capital of any taxable year, as earned surplus, the earnings of that year and subsequent years.

The above-mentioned opinion of the Board was promulgated after the hearing in the instant case. In his brief counsel for the petitioner refers to the opinion of the Board in *Blum's, Inc., supra,* and contends that it was in error in that it was the intention of Congress in the enactment of the Revenue Act of 1926 to give taxpayers making returns upon the installment basis the benefit of including in invested capital profits upon sales made prior to the beginning of the taxable year even though the profits had not been collected and reflected in taxable net income. He calls attention particularly to article 42 of Regulations 45, and rulings of the Commissioner contained in O. D. 623, 3 C. B. 105, and O. D. 793, 4 C. B. 87, as approved, supporting his contentions. In his brief he states:

It is the petitioner's contention that section 212 (d) of the 1926 Act was passed and made retroactive for the purpose of giving installment houses benefits that would accrue to them by reporting profits from installment sales as being realized as of the date of the collection of the outstanding accounts and to confirm the acts of the Commissioner, who pursuant to authorized regulations had permitted installment houses to so report their profits and in so reporting their profits had permitted the inclusion in invested capital of tax-paid profits on installment accounts receivable for prior years for the year in which the taxpayers changed their method of reporting profits from installment sales.

We should call attention to the fact that the rulings of the Commissioner, published in a cumulative bulletin, other than Treasury Decisions, are not regulations of the Commissioner published pursuant to law with the approval of the Secretary of the Treasury. The regulations of the Commissioner contained in article 42 are noncommittal upon the point in issue.

The underlying theory of returns made upon the installment basis has been set forth by the Board in *Appeal of B. B. Todd, Inc.,* 1 B. T. A. 762, and that of *Blum's, Inc., supra.* No argument is advanced by the petitioner which, in our opinion, warrants any modification of the portion of the opinion in *Blum's, Inc.,* quoted above.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON, TRUSSELL, and LOVE.

TRUSSELL dissents.